## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RADAMES VELEZ DARBY,

     Plaintiff,

v.                                No:

CHARTER COMMUNICATIONS INC.,
d/b/a SPECTRUM,

         Defendant.                    February 21, 2020

## CLASS ACTION COMPLAINT

### Summary of the Claim

1.     The Telephone Consumer Protection Act of 1991 ("TCPA") prohibits businesses like Defendant Charter Communications Inc. ("Charter")  from using an automatic telephone dialing system or prerecorded voice message to call a cellular telephone number without the recipient's express written consent.

2.     Here, in a reckless attempt to collect a debt, Charter used an autodialer to call Plaintiff Radames Velez Darby on his cell phone but never obtained his consent. Charter called the wrong person; Velez Darby had no debt and no Charter account and he told Charter that. Nonetheless, Charter continued to bombard his cell phone with autodialed robocalls.

3.     Charter is a sophisticated, publicly traded communications company, and could easily avoid these violations. But, because of its lax corporate practices and apparent lack of regard for the sensible restrictions of the TCPA, it has not done so.

4.     To enforce the TCPA, recover penalties, and end Charter's violations, Plaintiff therefore brings this action on behalf of a class of cell phone users to whom Charter directed autodialed calls and prerecorded messages, without consent.

**Parties**

5.     Plaintiff Radames Velez Darby resides in Tampa, Florida.

6.     Defendant Charter Communications Inc. (Nasdaq: CHTR), is a telecommunications company with its headquarters and principle place of business in Stamford, Connecticut.   Charter describes itself as "America's fastest growing TV, internet and voice company"…"facilitating essential communications that connect more than 28 million residential and business customers in 41 states." www.spectrum.com/about.html, last visited Feb. 13, 2020. The allegations as to acts or omissions by Charter shall be construed as allegations against Charter, whether such conduct was committed by Charter directly, or through its Spectrum brand or its agents or contractors.

**Jurisdiction and Venue**

7.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds $5 million exclusive of interest and costs, as each member of the proposed classes of tens of thousands is entitled to up to $1,500 in statutory damages for each unlawful call. Further, at least one class member resides in a state different than the Defendant. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 are present, and this Court has jurisdiction.

8.     This Court also has original subject matter jurisdiction under 28 U.S.C. § 1331 because this action presents a federal question involving the application of the TCPA.

9.    Venue is proper under 28 U.S.C. §§ 1931(b)-(c) and 1441(a), because the Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Charter is headquartered in this District and, upon information and belief, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

### TCPA Background

10.    According to the Federal Trade Commission's 2019 Biennial Report to Congress, the emergence of new communications technologies has caused the number of illegal telephone calls to explode in recent years. Consumer complaints about unwanted telephone calls have skyrocketed, from 63,000 per month in 2009 to 209,000 per month in 2019.

11.    As one publication put it, "if robocalls were a disease, they would be an epidemic." Rage Against Robocalls, Consumer Reports (July 28, 2015).

12.    Congress enacted the TCPA in 1991 to protect citizens from the nuisance and invasion of privacy caused by unwanted telephone calls, described by its chief sponsor as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). The scourge is far worse today, when telephones are in our pockets all day and by our bedside all night.

13.    The sheer volume of illegal calling overwhelms the enforcement efforts of government agencies such as the FTC and the Federal Communications Commission. Consequently, private consumer enforcement actions, which Congress authorized when it enacted the TCPA in 1991, play a critical role in combatting illegal calling.

14. Title 47 U.S.C. § 227(b) regulates so-called "robocalls"—calls placed using an automated telephone dialing system ("ATDS"), and calls using an artificial or prerecorded voice.

15. Regarding telephone numbers assigned to a cellular telephone service, the statute prohibits calls using an artificial or prerecorded voice, and ATDS calls—other than emergency calls or calls placed with the prior express written consent of the called party. *Id.* § 227(b)(1)(A).

16. Persons who receive calls in violation of these provisions may bring an action to recover the greater of the monetary loss caused by the violation, or $500. *Id.* § 227(b)(3). If the Court finds the defendant willfully or knowingly violated § 227(b), the Court may increase the award to up to $1,500 per violation. *Id.*

## Factual Allegations

17. Plaintiff's telephone number, xxx-xxx-7104, is assigned to a cellular telephone service. Plaintiff received the telephone calls at issue at that number.

18. Plaintiff has no business relationship with Charter. He has no debt and does not have an account with Charter.

19. Nonetheless, beginning in early 2018, Plaintiff began receiving a series of annoying, invasive, aggravating, and time-consuming calls from Charter regarding an alleged debt owed by "Jennifer."

20. Plaintiff does not know Jennifer and has no connection to her at all.

21. Plaintiff told a Charter (or Spectrum) representative in approximately June and July 2018 that he was not the person they were looking for and asked that his number be removed from their list, but the calls continued.

22. Some if not all of the calls Plaintiff received were placed using an automated telephone dialing system, or ATDS. *See* 47 U.S.C § 227(a)(1). Plaintiff so alleges because when

he answered calls, he heard a distinct pause, had to say hello several times and then a representative's voice came on the line.

23.     During the relevant period, Plaintiff carried his cellular phone with him so he could be available to family, friends, and others.

24.     The Defendant's calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting his daily life, interrupting his work and wasting his time.

25.     The Defendant's calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted its battery. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone and caused him to divert attention away from other activities to address the calls.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) as a representative of the following class:

> All persons or entities within the United States who (1) within four years of the commencement of this action, (2) received a nonemergency telephone call from Charter regarding a debt allegedly owed to Charter, (3) to a cellular telephone line, (4) through the use of an ATDS or an artificial or prerecorded voice, (5) and who did not provide express written consent to receive calls from Charter at that cellular telephone number.

27.     Excluded from the Class are Defendants and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

28.     The class definition is subject to change and may be modified as Plaintiff obtains information in discovery about the Defendant's corporate practices.

### Numerosity

29.     Plaintiff does not know the exact number of Class members, but based upon the size and scope of Defendant's business, the fact that Charter has been sued dozens of times for violating the TCPA, and the capability of autoadialers to dial numbers en masse, Plaintiff believes that the class members' number, at a minimum, in the thousands.

30.     The alleged size and the geographic dispersal of the classes make joinder of all class members impracticable.

### Commonality and Predominance

31.     Questions of law and fact are common to all class members, and predominate over questions that affect only individual class members. Those common questions include:

(1)     Whether Defendant used an ATDS to place calls to cellular telephones;

(2)     Whether Defendant used artificial or prerecorded voice in connection with the placement of calls to cellular telephones;

(3)     Whether Defendant had prior express written consent to place those calls;

(4)     Whether Defendant's conduct was willful or knowing; and

(5)     Whether Defendant should be enjoined from engaging in such conduct in the future.

### Typicality

32.     As a person who received a call using an ATDS or an artificial or prerecorded voice, without prior express written consent, Plaintiff's claims are typical of class members' claims.

### Adequacy of Representation

33.     Plaintiff will fairly and adequately represent and protect the interests of the class, and Plaintiff does not have an interest that is antagonistic to any member of the class. Plaintiff has retained counsel experienced in handling class action claims involving the TCPA and other consumer protection statutes.

### *Superiority*

34.     A class action is the superior method for the fair and efficient adjudication of this controversy. Because the amount of each class member's claim is small relative to the complexity of the litigation, and because of Charter's financial resources, class members are unlikely to seek legal redress individually for the violations detailed in this complaint. Class-wide relief is essential to compel Defendant to comply with the TCPA. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings.

35.     By contrast, a class action presents fewer management difficulties, allows claims to be heard that would otherwise go unheard because of the expense of individual litigation, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

### COUNT I
### Violation of the TCPA

36.     Defendant negligently, knowingly, and willfully violated the TCPA with respect to the Plaintiff and members of this class.

37.     Defendant, Charter Communications, repeatedly placed non-emergency telephone calls to Plaintiff's wireless telephone number using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

7

38.    As a result of Defendant's illegal conduct, Plaintiff and the members of the class suffered actual damages and, under § 227(b)(3)(B), is entitled to a minimum of $500 in damages for each violation of the TCPA.

39.    Plaintiff and class members are also entitled to, and do, seek injunctive relief prohibiting Defendant from violating the TCPA in the future.

### Relief Sought

Plaintiff requests that the Court:

a.    Determine that the claims herein may be maintained as a class action under Rule 23, and issue an order certifying the class defined above (or as modified) and appointing the Plaintiff as the class representative and his counsel as class counsel;

b.    Award $500 in statutory damages for every call that Defendant negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

c.    Award $1,500 in statutory damages for every call that Defendant made knowingly or willfully in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

d.    Grant declaratory and injunctive relief, including, without limitation, an order requiring Charter to implement measures to stop future TCPA violations;

e.    Award such other relief as the Court deems proper.

Plaintiff demands trial by jury.

Respectfully submitted,

_/s/ Robert A. Izard_
Robert A. Izard (ct01601)
Mark P. Kindall (ct13797)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292

Fax: (860) 493-6290
Email: rizard@ikrlaw.com
Email: mkindall@ikrlaw.com
Email: cbarrett@ikrlaw.com

Heather H. Jones, Esquire
Florida Bar No. 00118974
William Peerce Howard, Esquire
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Heather@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com

John W. Barrett
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
jbarrett@baileyglasser.com

*Attorneys for Plaintiff*